UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSZETTA MARIE MCNEILL,

                Plaintiff,        Civil Action No. 16-11292
                                      Honorable John C. O'Meara
                                      Magistrate Judge David R. Grand

v.

WAYNE COUNTY THIRD CIRCUIT
COURT and WAYNE COUNTY,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTIONS TO DISMISS [9, 15]**

*Pro se* Plaintiff Roszetta Marie McNeill ("McNeill") filed her complaint in this matter on April 8, 2016, against Defendants Wayne County Third Circuit Court (the "Circuit Court") and Wayne County ("Wayne County") (collectively, "Defendants"). In short, McNeill is complaining about the manner in which the Circuit Court handled seriatim state-court actions she brought against Wayne County over the years. More specifically, McNeill asserts that, following her initial unsuccessful case against Wayne County in 2006, the Circuit Court improperly applied *res judicata* principles to dismiss her numerous subsequent lawsuits against Wayne County. Ultimately, the Circuit Court entered a permanent injunction preventing McNeill from filing litigation in that court against Wayne County without first posting a $15,000 cash bond. She claims that Defendants' actions violated her "7th amendment rights, equal protection, due process and civil rights." (Doc. #1 at 2-3). She asks this Court to exercise "superintending control" over the Circuit Court and to direct the Circuit Court how to handle her litigation against Wayne County. Defendants have moved to dismiss McNeill's complaint, and those motions have been

referred to the undersigned for a Report and Recommendation. (Docs. #9, #15, #19). For the reasons discussed below, the Court recommends granting Defendants' motions to dismiss.[1]

## I. Factual Background[2]

McNeill's instant complaint documents a number of civil actions she has filed against Wayne County in the Wayne County Circuit Court and the Eastern District of Michigan over the last decade or so. The dispute dates back to 2003 and 2006 when McNeill allegedly suffered on-the-job injuries while working for Wayne County (apparently within its juvenile detention facility). (Doc. #1 at ¶ 11). McNeill filed a complaint for negligence in the Wayne County Circuit Court (Case No.06-630450-NI) against "Wayne County," the "Juvenile Detention Facility," and "Wayne County Clerks Office" (the "2006 Action") (*Id.*; *id.* at Ex. 6). She captioned the 2006 Action exactly as follows:

>               ROSZETTA MARIE MCNEILL
>                            Plaintiff,
>
> Vs.
>
>
>               WAYNE COUNTY
>               JUVENILE DETENTION FACILITY
>               WAYNE COUNTY CLERKS OFFICE
>                            Defendants.

(*Id.* at Ex. 6).

---

[1] The facts and legal issues are adequately presented in the parties' briefs and on the record, and the Court therefore dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f).

[2] Because this matter is before the Court on Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). All of the evidence cited herein satisfies these requirements.

McNeill claims that the Register of Actions originally reflected all three defendants, but that the Circuit Court "changed the records" to omit Wayne County as a defendant. (*Id.* at ¶13).[3] Eventually, the 2006 Action was dismissed in its entirety. (*Id.* at ¶ 14; *id.* at Ex. 10; Doc. #14 at 47).

McNeill seems to allege that Wayne County later harassed her at work by altering her duties and "restrictions," which prompted her to file, in 2007, another negligence action in the Wayne County Circuit Court against Wayne County (Case No. 07-705759-NI). (*Id.* at ¶¶ 15-16, 19-20). McNeil contends that Wayne County "erroneously argued 'Res Judicata'" and that the Circuit Court dismissed her claims against Wayne County on *res judicata* grounds, which McNeill contends is "bogus." (*Id.* at ¶¶ 21-22, 25). McNeill appealed the dismissal of this action to the Michigan Court of Appeals, but that appeal was denied. (Doc. #9 at Ex. C).

McNeill contends that Wayne County "continued its crusade" "to persecute and crucify" her by refusing to hire her into the position of court clerk. (Doc. #1 at ¶ 26). Thus, she filed another action in Wayne County Circuit Court (Case No. 07-724849-NI). (*Id.* at ¶ 27). Wayne County then fired her. (*Id.* at ¶ 29). McNeill again contends that the "2006 bogus 'Res Judicata'" was used as a basis for dismissing her case. (*Id.* at ¶ 31). The Register of Actions indicates that Judge Sapala dismissed the case on February 15, 2008. (Doc. #9 at Ex. D).

On March 10, 2008, McNeill filed another complaint in the Wayne County Circuit Court, this time against Wayne County, the Wayne County Executive, the Wayne County Sheriff, the

---

[3] As discussed below, although McNeill is correct that some of the Circuit Court's documents in this 2006 action list only two defendants: "Wayne County Clerk's Office" and "Wayne County Juvenile Detention Facility," (*e.g., id.* at Ex. 10), that fact is immaterial in light of Judge Sapala's clear ruling that he deemed the case to have been brought against Wayne County. Even the main document on which McNeill relies – the order dismissing that 2006 action, which identifies only two defendants in the caption – states that it was "[t]he motion of Wayne County to dismiss …" that was before the court. (*Id.*).

3

Wayne County Clerk's Office, and others, alleging wrongful termination and mental duress (Case No. 08-106240-CZ). (*Id.* at Ex. E). Wayne County moved for summary disposition and requested injunctive relief against McNeill's right to file future lawsuits against it. Judge Sapala granted that motion, dismissing the case and imposing a permanent injunction against McNeill which provided that she was permanently enjoined from filing civil litigation against Wayne County "unless [she] first posts a [$15,000] bond…" (Doc. #1 at ¶ 36, Ex. 43; Doc. #9 at Ex. F). McNeill appealed to the Michigan Court of Appeals, which denied her appeal. (Doc. #9 at Ex. G). The Michigan Supreme Court denied McNeill's application for review. (*Id.* at Ex. H).

On December 15, 2008, McNeill filed another complaint in the Wayne County Circuit Court against Wayne County, alleging a host of claims, including harassment, fraud, misrepresentation and mental duress (Case No. 08-018649-CZ). (*Id.* at Ex. I; Doc. #1 at 9). On May 22, 2009, Judge Sapala granted Wayne County's motion to dismiss. (Doc. #9 at Ex. I). Again McNeill appealed to the Michigan Court of Appeals, which affirmed Judge Sapala's decision. (*Id.* at Ex. J, *McNeill v. County of Wayne*, 2010 WL 3815327).[4]

McNeill contends that in January 2009, an arbitrator "returned [her] to employment." (Doc. #1 at ¶ 44). McNeill contends that upon her return to work the harassment by Wayne County continued. (*Id.*). She claims that a few months later she was injured at work, and filed for worker's compensation and Family Medical Leave Act leave. (*Id.* at ¶¶ 45-46). On September 21, 2009, McNeill filed another action against Wayne County in the Wayne County Circuit Court (Case No. 09-023077), which was dismissed by Judge Sapala because she did not post the $15,000 bond required by the permanent injunction. (*Id.* at Ex. K, Doc. #1 at Ex. 63).

---

[4] In its order, the Michigan Court of Appeals expressly noted the injunction Judge Sapala issued against McNeill, and that it had previously denied her "delayed application for leave to appeal from [the order granting the injunction] 'for lack of merit in the grounds presented.'" (*Id.*, 2010 WL 3815327, at *1-2 n.1).

4

In early November 2009, Wayne County advised McNeill that if she did not return to work by the end of that month she would be terminated. (*Id.* at ¶ 48). McNeill's physician then returned her to work with a back brace, but she contends that Wayne County would not allow her to return. (*Id.* at ¶¶ 48-49). Rather, on November 13, 2009, the County "hand delivered to [her] a typed memo demanding that [she] have her physician file a FMLA in 15 days over the **THANKSGIVING HOLIDAY** no mention that if it is not returned within 15 days she would be terminated. (*Id.* at ¶ 49) (emphasis in original). McNeill seems to contend that she could not meet this deadline because her doctor was not available over the Thanksgiving holiday, which fell on November 26, 2009. (*Id.* at ¶ 51). She contends that she turned in the forms on December 4, 2009, but was still terminated. (*Id.* at ¶¶ 53, 56, 59). McNeill filed an "ADA" case against Wayne County in the "United States District Court" related to her firing, contending that "(4) days were a reasonable accommodation causing Wayne County no hardship." (*Id.* at ¶ 54). While she refers to the case as "case 13-1271" it appears she is actually referencing Case No. 11-11130, which she filed in the Eastern District of Michigan on March 18, 2011.[5] On February 25, 2013, Judge Rosen entered an Opinion and Order adopting a magistrate judge's Report and Recommendation to grant summary judgment on the merits in favor of Wayne County. (Case No. 11-11130, Docs. #67, #70). McNeill appealed that decision to the United States Court of Appeals for the Sixth Circuit, where it was assigned Case No. 13-1271. (*Id.*, Docs. #73, #78). On January 8, 2015, the Sixth Circuit affirmed Judge Rosen's decision. (*Id.*, Doc. #79).

McNeill now essentially asks this Court to take "superintending control" over the Wayne County Circuit Court and order that court to vacate and reconsider its prior adverse rulings

---

[5] This was actually McNeill's second ADA case filed in this Court against Wayne County. On February 15, 2008, she had filed another such case, which the Honorable Gerald E. Rosen dismissed based on "principles of claim preclusion." (Case No. 08-10658, Doc. .#20 at 12).

5

against her, including the imposition of the permanent injunction restricting her ability to file lawsuits against Wayne County without posting a cash bond:

> Plaintiff needs this court to order the Wayne County Third Circuit Court accept the case and complaints against Wayne County since 'bogus' Res Judicata and violations of Plaintiff's 7 [sic] amendment right, due process, equal protection and civil rights…Clearly the Wayne County Third Circuit Court is not the required fair and impartial forum, and cannot be expected to decide the issues that were raised by the Plaintiff in a manner that would be consistent with due process…Plaintiff needs this court to order Wayne County Third Circuit Court to accept the Plaintiff's case against Wayne County thereto, and enter its own order that prevents Wayne County from interfering with due process until further order from this court.

(*Id.* at ¶¶ 77-79; prayer for relief).  More specifically, she asks this Court to: (1) order the Wayne County Circuit Court to "accept" her "complaint" against Wayne County without need for posting a bond; (2) assign that case a Circuit Court judge other than Judge Sapala; (3) "dismiss[] the bogus Res Judicata and the bogus permanent injunction"; and (4) review any "findings of fact and conclusions of law" determined by the Wayne County Circuit Court.  (*Id.* at 15-16).

Defendants filed motions to dismiss arguing that the requested order of superintending control is not appropriate, and that McNeill's other claims are subject to dismissal because they fail to plead sufficient facts to state a claim, are barred by the *Rooker-Feldman* doctrine and *res judicata* principles.  (Docs. #9, #15).[6]  McNeill filed responses arguing that *Rooker-Feldman* and *res judicata* are inapplicable because the underlying state court judgments were "procured through fraud."

## II. Applicable Legal Standards

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[6] The Circuit Court filed its motion on October 5, 2016, raising these arguments.  (Doc. #9).  On October 19, 2016, Wayne County filed a separate motion to dismiss, in which it "joins in" the Circuit Court's motion.  (Doc. #15).

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).[7]

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

---

[7] McNeill mistakenly suggests an outdated, less demanding pleading standard, asking the Court to apply the "1957[] Supreme Court ruling that, under the Federal Rules of Civil Procedure [] 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Doc. #14 at 3) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

7

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### III. Analysis

The *Rooker-Feldman* doctrine is a jurisdictional limitation that precludes federal courts (other than the U.S. Supreme Court) from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies where a plaintiff complains of being injured by the challenged court decision itself, for instance, where "a state court judgment itself was [alleged to be] unconstitutional or in violation of federal law." *McCormick v. Braverman*, 451 F.3d 382, 394-95 (6th Cir. 2006). *See also Rowe v. City of Detroit*, 234 F.3d 1269, 2000 WL 1679474, at *2 (6th Cir. 2000) ("The Rooker-Feldman doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that 'the state court's action was unconstitutional.'") (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). In short, *Rooker-Feldman* bars a federal district court action where "the point of [the] suit is to obtain a federal reversal of a state court decision." *Givens v. Homecomings*

*Fin.*, 278 F. App'x. 607, 609 (6th Cir.2008). Federal district courts simply do "not sit in appellate review of state court proceedings." *Novel v. Lowe*, No. 13-703, 2014 WL 559088, at *2 (S.D. Ohio Feb. 11, 2014) (citing *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006)).

McNeill does not seem dispute the preclusive effects of the *Rooker-Feldman* doctrine and *res judicata* principles, but instead argues that they are inapplicable here because the underlying state court judgments were procured through "fraud." McNeill is correct that the Sixth Circuit has found "[t]here is [] an exception to the general rule that precludes a lower federal court from reviewing a state's judicial proceedings. A federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake....'" *In Re. Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) (quoting *Resolute Insurance Co. v. State of North Carolina*, 397 F.2d 586, 589 (4th Cir. 1968)). Here, however, McNeill fails to allege any sort of conduct by either of the Defendants that would trigger the exception. Accordingly, her claims fail and this action should be dismissed.

There can be no doubt that, at least in general, *Rooker-Feldman* applies to McNeil's instant action and precludes this Court from granting the relief she requests. In her complaint, McNeil makes clear that she is asking this Court to determine that the state court rulings in her prior litigation against Wayne County were erroneous and should be undone so that she may re-litigate the issues raised therein in the Wayne County Circuit Court, with this Court exercising some degree of oversight. Yet, this is exactly what *Rooker-Feldman* prevents. McNeill had ample opportunity to litigate her disputes in the Wayne County Circuit Court and to appeal any adverse rulings to the Michigan Court of Appeals, the Michigan Supreme Court, and the United States Supreme Court, *in that order*. Indeed, as discussed above, McNeill did appeal some of the adverse state court rulings against her. McNeill's dissatisfaction with the state trial and appellate

9

court decisions is not a basis for this Court to review their correctness. *McCormick*, 451 F.3d at 394-95; *Rowe*, 234 F.3d 1269, 2000 WL 1679474, at *2.

McNeill's conclusory assertion that the underlying state court rulings were procured by "fraud" does not change the outcome. As discussed above, McNeill's concern stems from a question about whether Wayne County was a defendant in the 2006 Action, or whether the only defendants in that case were the Wayne County Juvenile Detention Center and the Wayne County Clerk's Office. Though she had previously argued the opposite, McNeill now seems to argue that Wayne County was not a defendant in that case, and that as a result, the dismissal of that case could have had no preclusive effects in her subsequent cases against Wayne County. She therefore concludes that the purported application of *res judicata*[8] in those subsequent proceedings was "bogus" and "fraudulent." (Doc. #14 at 61). But the record shows McNeill's factual premise is flawed; at most there was a misunderstanding at oral argument as to the named defendants in the 2006 Action, and Judge Sapala clarified that Wayne County was, in fact, a defendant in the case.

As noted above, *supra* at 2, McNeill, on three separate lines in the caption of her complaint in the 2006 Action, identified three separate defendants: "WAYNE COUNTY"; "JUVENILE DETENTION FACILITY"; and "WAYNE COUNTY CLERK'S OFFICE." (Doc. #1 at Ex. 6). Paragraph 2 of the complaint states, "Defendant, Wayne County, is an entity authorized to conduct business in The State of Michigan …" (*Id.*). A Register of Actions for the

---

[8] Under Michigan law, *res judicata* applies where: (1) the prior action was decided on the merits; (2) the matter contested in the second case was or could have been resolved in the first; and (3) both actions involved the same parties *or their privies*. *See Adair v. State*, 470 Mich. 105, 121 (2004). Michigan courts take "a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* at 121.

10

2006 Action identifies all three defendants. (*Id.* at Ex. 7; Doc. #9 at 16). The transcript caption from the hearing in question also lists all three defendants. (Doc. #1 at Ex. 8b, p.1). In fact, during that hearing, when defense counsel indicated that McNeill "has not named Wayne County" as a defendant, McNeill insisted that she had named Wayne County as a defendant, and Judge Sapala agreed that her complaint could be construed that way. (Doc. #1 at Ex. 8b, Pg. ID 74-75).[9] Judge Sapala then went even further and indicated that he was treating Wayne County as the only defendant in the case:

> the detention facility and the clerk's office are to be dismissed at this point. **Wayne County remains in as the lone defendant…at this point the case is Rosetta [sic] McNeill versus Wayne County.**

(*Id.* at 74-75) (emphasis added). This statement by Judge Sapala eviscerates McNeill's contention that "Judge Sapala ruled that Wayne County was not named as a defendant in [that case]." (*Id.* at 6). A few weeks after the hearing, the entire case was eventually dismissed (*id.* at 47), and, contrary to McNeill's assertion that the 2006 Action "was only dismiss[ed] against Defendant Wayne County Juvenile Detention Facility and Defendant Wayne County Clerk's office," (Doc. #14 at 6), McNeill's own documents show that the case was dismissed against all defendants, including "Wayne County." (Doc. #1 at Ex. 10).[10]

---

[9] While there is ample evidence that McNeill actually named "Wayne County" as a defendant in her complaint, given her *pro se* status, Judge Sapala could well have construed McNeill's claims against the other named defendants as having been brought against Wayne County itself, or construed McNeill's on-the-record statements as a motion to amend to clarify that Wayne County was a defendant in the case.

[10] Records from McNeill's subsequent litigation against Wayne County are consistent with this point. For instance, after the dismissal of the 2006 Action, McNeill filed Case 07-705759-NI against Wayne County. At a hearing in that case, McNeill argued that the 2006 Action "wasn't against Wayne County. You said it was dismissed against the clerk's office and juvenile [detention facility]. Wayne County was never a party to that case." (Doc. #1-1 at Ex. 33, p. 36). But Judge Sapala flatly rejected McNeill's contention, stating, "[the 2006 Action] was dismissed on Defendant's motion. And it was applicable to the county as a defendant. I remember that and I'm sure that's what the Order said." (*Id.* at pp. 41-42). He then found, "what I'm hearing [now]

11

In a hearing in a subsequent case, McNeill revealed that she simply did not understand Judge Sapala's rulings in the 2006 Action. She stated, "[i]f I had known you had dismissed Wayne County, I would have been in [the] appeals court." (Doc. #1-1 at Ex. 36, p. 40). Clearly, even with due deference to McNeill's *pro se* status, her lack of understanding of Judge Sapala's rulings cannot constitute a basis for arguing that the state court decisions in issue were the product of fraud. Thus, McNeill has at most alleged that the state courts made legal rulings with which she disagrees. Even in the face of McNeill's assertion that those decisions infringed her constitutional rights, *Rooker-Feldman* prohibits this Court from reviewing them. *McCormick*, 451 F.3d at 394-95; *Rowe*, 234 F.3d 1269, 2000 WL 1679474, at *2. Again, McNeill's recourse for challenging the Circuit Court's application of the law was to pursue the sequential appeals process discussed above. *See supra* at 9.

For the same reasons, there is no basis for this Court to exercise superintending control[11] over the Wayne County Circuit Court or to invalidate the injunction imposed by Judge Sapala. *See Wabeke v. Mulder*, 103 F. App'x 566, 567–68 (6th Cir. 2004) ("Upon review, we conclude that the district court properly dismissed Wabeke's complaint for lack of subject matter jurisdiction. Because Wabeke's complaint merely reflected his dissatisfaction with the permanent injunction issued by the state court regarding his filing of further litigation and

---

is the same case that we had a number of months ago. [] So … [Wayne County's] motion to dismiss is granted." (*Id.* at p. 42).

[11] "Superintending control is an extraordinary power that may be exercised when a petitioner demonstrates both the respondent's failure to perform a clear legal duty and the absence of an adequate legal remedy. If it is determined that a petitioner seeking such an order has an adequate legal remedy by resort to the state appellate process, a complaint for an order of superintending control must be dismissed. *See* M.C.R. 3.302(D)(2)." *Tindall v. Wayne Cty. Friend of Court, by Joseph A. Schewe*, 269 F.3d 533, 537 (6th Cir. 2001) (internal citation omitted). Here, McNeill has failed to demonstrate that the Defendants failed to perform a clear legal duty. As noted above, *supra* at 4, she was also able to appeal (albeit unsuccessfully) the injunction entered against her.

essentially sought federal court review of that state court order, the *Rooker–Feldman* doctrine precludes the exercise of federal jurisdiction."); *Booker v. Supreme Court of S.C.*, No. 2:16-CV-58-MGL-MGB, 2016 WL 4394183, at *6 (D.S.C. Mar. 7, 2016), report and recommendation affirmed in relevant part, No. CV 2:16-58-MGL, 2016 WL 4269537 (D.S.C. Aug. 15, 2016), aff'd, No. 16-7140, 2017 WL 465296 (4th Cir. Feb. 3, 2017) ("to the extent Plaintiff seeks federal court review of any state court decisions (i.e. he wants the state filing injunction lifted []), the *Rooker–Feldman* doctrine would bar such review here."). Accordingly, the Defendants' motions to dismiss should be granted.

### IV. Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Defendants' motions to dismiss **(Docs. #9, #15)** be **GRANTED**.

Dated: June 12, 2017  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 12, 2017.

                                          s/Eddrey O. Butts
                                          EDDREY O. BUTTS
                                          Case Manager